### BERNSTEIN et al. v. E. P. LOOMIS & CO.

(Supreme Court, Appellate Term. March 11, 1904.)

1. SALE BY SAMPLE—FAILURE OF GOODS TO CORRESPOND—RECOVERY OF PURCHASE MONEY.

A buyer paid for 82 barrels of apples on the owner's salesman opening and showing him 2 of them, and representing that all were equally as good. He took away 20 barrels, and, finding all but the sample barrels worthless, refused to take any more, and sued for the money he had paid. *Held*, that he was entitled to recover all but the price of the sample barrels.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Jacob Bernstein and another against E. P. Loomis & Co. From a judgment in favor of plaintiffs, defendant appeals. Modified.

Argued before FREEDMAN, P. J., and GIEGERICH and Mc-CALL, JJ.

Lord, Day & Lord, for appellant.
Julius Blumberg, for respondent.

FREEDMAN, P. J.   Upon ample testimony, which we must assume was believed by the trial judge, the plaintiff showed that he purchased and paid for 82 barrels of apples, defendant's salesman stating and representing that all were equally as good in size and quality as were 2 barrels which were opened and shown the plaintiffs as a sample.   The plaintiffs took away 20 barrels from defendant's storage warehouse, and, finding them all absolutely worthless except the 2 sample barrels, refused to take any more, and sued and recovered a judgment for the whole amount of the purchase price paid.

All of the authorities cited by the appellant in support of a reversal have reference to cases when the plaintiff has endeavored to maintain his cause of action upon an implied warranty.   In the case at bar the evidence on the part of the plaintiffs shows that the salesman expressly represented that the remaining 80 barrels were like those shown. His statements therefore constituted an express warranty, and, although he denies the making of such representations, it was a question of fact, which was decided in favor of the plaintiffs upon conflicting testimony, and such finding should not be disturbed.   As the judgment was for the full purchase price paid, and it is conceded that the two sample barrels were of good quality, the judgment should be reduced by the sum of $4.50.

Judgment modified by reducing amount of recovery by $4.50, and, as modified, affirmed, with costs of this appeal to respondents.   All concur.